IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID JOHN TEECE,

    Plaintiff,

  v.

KUWAIT FINANCE HOUSE (BAHRAIN) B.S.C., ABDULHAKEEM AL-KHAYYAT, ADNAN MALIK, and PAUL MERCER,

    Defendants.

No. C 13-03603 WHA

**ORDER DENYING MOTION TO STRIKE AND REQUESTING AFFIDAVIT FROM PROPOSED SPECIAL MASTER**

An order directed the parties to engage in certain procedures relating to the award of attorney's fees on appeal (Dkt. No. 98). In response to defendant Kuwait Finance House (Bahrain)'s assertion of its fees incurred on appeal, plaintiff introduced a confidential settlement communication from counsel for KFH(B). That defendant now moves to strike that communication as inadmissible pursuant to Rule 408 of the Federal Rules of Evidence.

Rule 408(a)(1) provides that evidence "furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise [a] claim" is inadmissible "to prove or disprove the validity or amount of a disputed claim," subject to certain exceptions not applicable here.

On August 24, 2016, counsel for KFH(B) set forth "the total amount due to satisfy Dr. Teece's obligations arising out of the Northern District of California litigation" (Cambria Decl., Exh. B). Defense counsel provided a calculation of that total, which included the previously

agreed-upon amount due under the judgment, plus the following calculation of fees and costs on appeal.

First, defense counsel stated, "KFH(B) incurred $200,107.50 in attorneys' fees and $2,214.76 in costs on appeal." They then acknowledged that total needed to be reduced by half, pursuant to the undersigned's prior decision reducing the recoverable appellate fees due to the ruling on KFH(B)'s cross-appeal. Accordingly, that email stated "KFH(B) is entitled to recover from Dr. Teece $100,053.75 in attorney's fees and, $1,107.38 in costs incurred in defending Dr. Teece's appeal" (*ibid.*).

Several hours later, Teece rejected that calculation, stating, "[t]hat is ridiculous as you know. I don't have it in front of me but there was no award of costs by the Ninth Circuit. We will take your interest calculation and apply it to the actual and only judgment and proceed accordingly" (*ibid.*).

Finally, counsel for KFH(B) replied, stating, "if Dr. Teece persists in refusing to pay the portion of KFH(B)'s appellate attorneys' fees and costs outlined in [the prior email]" then KFH(B) would seek "to recover all of KFH(B)'s reasonable appellate attorneys' fees" (Bassak Decl., Exh. A).

The court of appeals then clarified that KFH(B) could recover appellate fees, but not costs (Dkt. No. 95).

In the subsequent discussions pursuant to the Court's procedure for resolving disputes involving attorney's fees, Teece appended the first two communications discussed above as evidence to support his position on the amount of appellate fees owed, indicating Teece would rely on KFH(B)'s calculation of the amount owed in any further proceedings. He did not include the third communication.

KFH(B) contends that, when viewed in light of its subsequent assertion that the amount first stated constituted only a "portion of KFH(B)'s appellate attorneys' fees" and that Teece's failure to accept that amount would require it to seek to recover "all of KFH(B)'s reasonable appellate attorneys' fees," its statement that Teece owed $100,053.75 constituted an offer of settlement and is thereby inadmissible under FRE 408(a). Not so.

KFH(B) expressly described the figures in its calculations as the "total amount" owed, the fees "incurred" and the amount KFH(B) was "entitled to recover" (Cambria Decl., Exh. B). KFH(B) recognized that "it would be unreasonable" not to reduce the number in half based on a prior order of the undersigned judge about recoverable fees in this action. Nothing about that statement constituted an offer of settlement. It was a matter-of-fact statement of the amount in question. KFH(B)'s application of the fifty-percent reduction was not a compromise, but rather an application of what it understood to be the law of the case.

It is of no moment that KFH(B) *later* threatened that it would seek *all* of its appellate fees, rather than the half of the total fees it incurred, once Teece rejected the notion that appellate fees were owed at all. Its initial communication simply was not an offer "in compromising or attempting to compromise" the amount at issue; it was a matter-of-fact assertion of the total amount, reduced according to a formula already set out in a prior order.

Accordingly, the motion to strike is **DENIED**. The special master may consider KFH(B)'s statement as evidence of the total amount of fees owed, though it need not be accepted as conclusive.

Additionally, the parties both consent to the appointment of the Honorable Richard Kramer (Retired) to act as the special master. Accordingly, this order is inclined to appoint Judge Kramer as the special master to resolve this dispute. Before any appointment is made, by **APRIL 13**, he shall please file an affidavit disclosing any ground for disqualification, agreeing to serve as a special master and to file a written report and recommendation regarding attorney's fees and expenses, and providing his contact information for submissions from the parties.

The parties shall please promptly serve this order on Judge Kramer.

**IT IS SO ORDERED.**

Dated: March 27, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3